## P. P. ELDER v. ALVA ELDER.

1. ACCOUNTS — *Item Barred by the Statute.* Mutual open accounts existed between the parties to this action, but prior thereto a judgment had been rendered against one as maker and the other as indorser of a promissory note; the indorser contributed to the payment of the judgment, and after it became dormant, sought to recover the amount so contributed, as an item of the mutual open account. *Held,* That the amount so paid by him is not an item of the open account, and that it is barred by the statute of limitations.

2. TENDER — *Costs* — *Judgment, Not Error.* When a party pleads a tender of a certain sum, and brings the money into court, it is not error for the court to render judgment against the plaintiff for costs accrued subsequent to the tender, when the recovery is the same as the amount tendered.

*Error from Franklin District Court.*

THE material facts are stated in the opinion. Judgment at the October term, 1887. The plaintiff *P. P. Elder* brings the case here.

*H. P. Welsh,* and *John W. Deford,* for plaintiff in error.

*C. B. Mason,* and *C. A. Smart,* for defendant in error.

Opinion by GREEN, C.: This is an action upon an open account, tried by the court below without the intervention of a jury; and the following findings of fact and conclusions of law were made:

"1. Sometime prior to February, 1882, a judgment was

rendered in this court, in favor of Matilda Dyer, against Alva Elder as principal and P. P. Elder as surety, amounting at the date named, February, 1882, to $727.34.

"2. The defendant was unable to pay said judgment in full, but had the sum of $200 to apply thereon. Thereupon the plaintiff proposed to pay said judgment if the defendant would give him said $200 to apply thereon, which was accordingly done. With said $200 and $527.34 out of his own funds, P. P. Elder paid off said judgment; and sometime shortly afterward entered said amounts so paid, as also the amount so received, in a pocket memorandum book, and afterward transcribed the same to the account sued upon.

"3. The plaintiff and defendant are brothers, and for several years open and mutual accounts have existed between them, a part of which, attached to the petition, follow the items therein, referring to said judgment. This account consists of mutual debits and credits, relating mainly to their farming transactions, for work done, produce furnished, cattle pastured, and the like, extending from October, 1882, to the spring of 1887. Statements of these accounts have been made out and presented from time to time by one to the other, corrections made, and additions agreed upon, but no final settlement has been made between them. In none of said statements have the items relating to said judgment been presented, claimed, or in any manner referred to. It appears that P. P. Elder originally kept account of the items charged by him, in a pocket memorandum book, and transcribed the same into the account referred to (a copy of which is attached to the petition.)

"The plaintiff knew that the defendant was unable to pay said judgment, but intended when he paid the same to hold it against said defendant, and have the benefit of said judgment in recovering the money so advanced and paid by him, whenever the defendant was able to pay it. The defendant was not informed and did not know that the plaintiff had charged him with the same in account, but seems to have supposed and treated it as a present made by his brother to him in view of former transactions between them.

"P. P. Elder from time to time indorsed notes and became surety for Alva Elder, until about December, 1886, when they had a settlement concerning said matters, and Alva Elder executed a mortgage on his real estate to said P. P. Elder, to secure the amounts so indorsed and paid for him by said P. P. Elder, amounting to $2,300. Not all of said in-

dorsements, however, were included in said mortgage, for it appears that a note made by Alva Elder, of about $700, indorsed by P. P. Elder, was not included; said indorsement, however, had been secured by a chattel mortgage, when this real-estate mortgage was given. The said Dyer judgment, or the money paid thereon by P. P. Elder, was not included, nor was it in any manner referred to by either party.

"Sometime in the spring of 1887, the defendant, having received a considerable sum of money from the Louisiana lottery, the plaintiff called on him, and demanded the $527.34, so paid by him on the Dyer judgment, which was refused. This was the first demand or claim for repayment ever made by the plaintiff. Thereupon the plaintiff examined the record, intending to have execution issued on said judgment, but finding it dormant, he, to use his own expression, thought he would try it on the account. And so this action was brought on the 28th day of April, 1887. There is due to the plaintiff from the defendant on said mutual account, (excluding the items relating to said judgment,) the sum of $54.25."

As conclusions of law the court found:

"1. That said items dated February, 1882, relating to the Matilda Dyer note and judgment, do not constitute a part of the open, mutual account.

"2. The cause of action accruing to P. P. Elder by reason of the moneys so advanced and paid by him on said judgment, was barred by the statute of limitations before the commencement of this action.

"3. The plaintiff is entitled to judgment against the defendant for $54.25, the balance so found due on said account, and is not entitled to recover judgment for the amount so claimed for payment on said judgment."

Judgment was entered for the plaintiff for $54.25. The plaintiff makes no complaint on the findings of fact by the court, but the claim is made that the court erred in its conclusions of law, upon the facts so found.

There seems to be but one item in controversy in this case, and that is the first item in the defendant's account, under date of February, 1882, "To cash paid on note of A. Elder to Matilda Dyer, and judgment on the same v. P. P. Elder as indorser, $727.34." The question is as to whether this is

properly an item of account, and if so, whether the same is barred by the statute of limitations. After this item in the defendant's account, there is a hiatus of six months, and but two more items appear in the account for the year 1882. The next item in the account is October 30, 1883; then follow a number of items to October 30, 1885. The question we are obliged to answer in this case is this: Did this item of $727.34 constitute a part of the open account between the plaintiff and the defendant? It appears from the findings of fact that the judgment which was obtained and for which this item is charged, became dormant, and without resorting to the remedy of a revivor of the judgment, the plaintiff attempted to make it a part of the mutual account between him and the defendant. There seems to be no dispute as to the balance of the account. We are of the opinion that this item is not properly a part of the mutual open account between the parties to this action. The original item having been contracted in the first instance by the execution of a note, that note having been merged in a judgment, and that judgment having become dormant, it is not legitimately an item of mutual account, and hence could not be set out as a claim against the defendant in the manner in which it was attempted in this suit; and that the item was barred by the statute, and the findings of the court below were in accordance with the law of the case.

One further complaint is made by the plaintiff in error, with reference to the judgment for costs in the case. The record shows that a tender was made, and the amount which the defendant admitted to be due, $54.25, was brought into court. There was therefore no error in taxing to the plaintiff all costs which accrued subsequent to the tender.

There being no error apparent of record, we recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.